**UNITED STATES of America**

v.

**Gary SHLIAN, Defendant.**

**No. 75 CR 204.**

United States District Court,
E. D. New York.

July 1, 1975.

David G. Trager, U. S. Atty., by Thomas R. Pattison, Asst. U. S. Atty., for plaintiff.

B. Slotnick, New York City, for defendant.

*MEMORANDUM AND ORDER*

PLATT, District Judge.

Defendant pleaded guility to a one count superseding information charging him with being an accessory after the fact in the commission of the crime of possession of a fraudulent draft card (50 U.S.C.App. § 462(b)(5) and 18 U.S.C. § 3).

On May 30, 1975 the Court found the defendant to be eligible for Youthful Offender treatment under 18 U.S.C.A. §§ 5005–5024 and sentenced him under 18 U.S.C.A. § 3651 to a term of two and one-half years imprisonment on condition that he serve two months in the custody of the Attorney General or his author-

---

ized representative for treatment and supervision at a Youth Correction Center, the balance of such term of imprisonment to be suspended and the defendant placed on probation for a period of two years and four months under 18 U.S.C. § 5010(a).

Defendant's sentence of custody under the Youth Corrections Act was stayed at his request until June 30, 1975 and on the eve of the commencement of such sentence he has moved by Notice of Motion filed June 25, 1975 for an order modifying the sentence and for a further order amending the sentence and directing that he receive Kosher food while in custody at a Youth Correction Center.

On the oral argument of the motion, the Court denied the application for a modification of the sentence and said that it would consider over the weekend the opinions in *United States v. Huss,* 394 F.Supp. 752, S.D.N.Y.1975, Griesa, D. J., and *United States v. Meir Kahane,* 396 F.Supp. 687, E.D.N.Y.1975, Weinstein, D. J., together with the briefs and other materials submitted by counsel for the defendant herein and the government in the *Kahane* case.

The Court has done so and denies the second part of defendant's application herein.

In the first place, assuming without deciding that this Court, upon the invocation of the First Amendment to the Constitution, has the power to and should intervene in the administration of a Youth Correction Center in a way that might be regarded by other inmates at the Center as "favoring" one group of prisoners as against another, the fact is that in the case at bar the defendant's application is premature. The Bureau of Prisons policy statement contains the following provision regarding religious diets:

"A committed offender may abstain from eating those food items, served to the general population which are prohibited by the religion of the resident. The committed offender may receive added portions of non-rationed food items, from the main serving line, which in no way cause a violation of the restrictions of the faith professed by the committed offender. Ordinarily, the practical problems of institutional administration must be primary in arranging for the observance of religious holidays, sacraments, celebrations, diets, and the like.

"The staff chaplains, after consultation with the Warden, shall anticipate and arrange for the opportunities for the celebration of the rituals of a sacramental nature which are necessary to meet the minimal annual requirements of a given religious faith. Food requirements shall be met through the announced and offered menu of the main serving line. Sacramental elements may be arranged for, appropriately and within reason, through conversations between a staff Chaplain, the Warden, and a community representative of the involved faith group. Symbolic or sacramental elements may be purchased with funds from the regular food service budget, if the food is a part of the main serving line, or may be purchased with funds from the budget of religious activities, if the food cannot be made a part of the main serving line. So that sacramental observances may be held, arrangements may be made for special times of worship or especially suitable places of worship in keeping with the safe and orderly conduct of the institution.

There is nothing to show at this time that the defendant will not be able to receive added portions of prison food which do not violate his professed religious beliefs. If, as and when such should not be the case, then defendant's application would appear to be ripe for determination, but such is not the situation at this time.

In the second place, this Court is impressed with the following portion of Judge Griesa's opinion summarizing the testimony of Orthodox Jewish Rabbi,

Joseph H. Ralbag, who testified in a hearing held in the *Huss* case:

"Rabbi Ralbag testified as to the underlying meaning and purpose of the Jewish dietary rules. He testified that the Jewish religion recognizes two basic types of responsibilities imposed on the individual—responsibilities to God and responsibilities to fellow-men. Included in the responsibilities to fellow-men is the duty to observe the law of the land.

"An important element of carrying out these responsibilities is the discipline of the individual. It is here, according to Rabbi Ralbag, that the dietary laws have significance. The purpose of these laws is to impose a discipline on the individual character. Kosher observance leads to the fashioning of the character of a man.

"There is no formal penalty for nonobservance of the dietary laws. According to Jewish belief, compliance with these rules, as well as other phases of the Jewish religious law, affects the moral and spiritual character of the individual, which ultimately determines his well being and salvation."

■ As indicated, there is no formal penalty for nonobservance of the Jewish dietary laws. Non-compliance is said to affect the moral and spiritual character of the individual which ultimately determines his well being and salvation. It must be borne in mind, however, that the initial non-compliance with the rules pertaining to the defendant's responsibility to his fellow-men was that of the defendant himself in failing to observe the laws of the land. As a consequence of such failure, his moral and spiritual character may have been affected not only by the wrongdoing itself but by the results which necessarily flow therefrom, including in this case, a term of custody at a Federal Youth Correction Center and the equality of treatment (including food) which may have to be endured during the period of such custody.

For these and the other reasons given in the Opinion and Supplemental Opinion of Judge Griesa in the *Huss* case, *supra,* this Court believes there is no basis for defendant's application and it must be denied.

In arriving at this decision the Court is particularly aware of the fact that it is not following the only decision on this question in the Eastern District of New York rendered by Judge Jack B. Weinstein. *United States v. Kahane, supra.* Principally for the two reasons indicated above, the Court feels that such case was incorrectly decided. The right of all inmates to equal treatment, particularly in a matter that is as vital to them as food, is one of fundamental importance herein.

Judge Weinstein compares Kosher observance to Christianity's sacramental Mass or Communion and his decision seems to imply that since Christian inmates are afforded the latter, Jewish inmates must be afforded the former. Whatever the merits of the analogy or comparison may be, the practical problem is not the same. If Rabbis were prepared to provide at their expense, to prepare and to administer supplemental Kosher foods to Orthodox Jewish inmates who required the same during a time each day set aside for religious observances in a particular institution, the Bureau of Prisons might well regard such a proposal as consistent with their policy statement so long as any such practice did not violate the fundamental principle of equality of treatment amongst inmates.

No such proposal, however, is presently before this Court and hence no decision on the same need be made at this time.

For the foregoing reasons defendant's motion for a further order amending this Court's sentence in directing that the defendant receive Kosher food must be denied in all respects.

So ordered.